UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONIS CARRABINE POTTER, | No. 2:23-cv-2137 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| STATE OF IDAHO, | |
| Respondent. | |

Petitioner, a pretrial detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner appears to claim that he is being held on a warrant originating from Ada County District Court in Idaho in Case No. CR01-20-21794 and is the subject of extradition proceedings in the Superior Court of Sacramento County. It appears that petitioner may be attempting to challenge the extradition proceedings, but his claims are largely nonsensical.

Under § 2241(c)(3), a pretrial detainee may seek a writ of habeas corpus when "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." This includes challenges by prisoners awaiting extradition. Stow v. Murashige, 389 F.3d 880, 886 (9th Cir.

2004).  However, once extradition has been granted,

> a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

Michigan v. Doran, 439 U.S. 282, 289 (1978).  The petition does not dispute that petitioner is the person named in the request for extradition, and though he claims that he has not committed any crimes, he does not allege that he has not been charged with a crime and in fact indicate that he failed to appear for criminal proceedings in Idaho State Court.  ECF No. 1 at 2-3.  It is not clear from the petition whether petitioner is alleging the extradition documents were not in order on their face,[1] but even if he states a claim on that ground, it is clear on the face of the petition that he has not exhausted his state court remedies.  Section 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus.  However, [the Ninth Circuit] require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241."  Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001) (citations and footnote omitted), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006).  A petitioner satisfies the exhaustion requirement by fairly presenting all federal claims to the highest state court before presenting them to the federal court.  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted).  Here, petitioner explicitly represents that he has not exhausted his available state court remedies[2] because he does not recognize the state court's authority.  ECF No. 1 at 2-3.  Accordingly, the petition should be dismissed.

Finally, based on the records from petitioner's Ada County District Court proceedings, it appears that petitioner has been returned to Idaho and was sentenced on June 5, 2024, after being

---

[1] Petitioner alleges that no governor's warrant was produced and that a motion to dismiss was granted.  ECF No. 1 at 2, 7.
[2] A search of the California Supreme Court's website indicates that there have been no petitions filed by petitioner.

2

found guilty at trial.[3]  Having been returned to the demanding state, the challenge to petitioner's extradition is now moot.  See Thurston v. Hawaii, No. 13-cv-0256 DKW/BMK, 2013 WL 2637827, at *3, 2013 U.S. Dist. LEXIS 82574, at *6 (D. Haw. June 12, 2013) (collecting cases).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is GRANTED; and

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 22, 2024

_(signature)_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citations omitted); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).